UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jennifer S. Smith,                                                    Case No. 3:14-cv-01342

        Plaintiff

    v.                                                                    MEMORANDUM OPINION
                                                                                        AND ORDER

Commissioner of Social Security,

        Defendant

## I.    INTRODUCTION

Plaintiff Jennifer S. Smith appeals the decision of an Administrative Law Judge ("ALJ") denying her application for disability insurance benefits and supplemental security income. Following a referral pursuant to Local Rule 72.2(b)(1), Magistrate Judge James R. Knepp issued a report and recommendation, recommending I affirm the ALJ's decision and dismiss Smith's complaint. (Doc. No. 18). Smith filed objections to Magistrate Judge Knepp's report and recommendation. (Doc. No. 19). For the reasons stated below, I sustain Smith's objections in part and overrule them in part, reject the report and recommendation, and remand the Commissioner's decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## II.    STANDARD

An individual who applies for Social Security benefits may seek judicial review of a final decision of the Commissioner. 42 U.S.C. § 405(g). A court may affirm, modify, or reverse the Commissioner's decision, with or without remanding the case for a rehearing. *Id.* A district court must affirm the Commissioner's decision unless the court concludes the Commissioner did not apply the correct legal standard or made findings of fact which are not supported by substantial evidence. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)). Substantial evidence

means "relevant evidence [which] a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec. of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If substantial evidence exists to support the Commissioner's decision, that decision may not be overturned "if substantial evidence, or even a preponderance of the evidence, supports the claimant's position." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

After a report and recommendation has been issued, the district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A plaintiff waives her right to review of the remaining portions of a report and recommendation to which she did not specifically object. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).

### III. ANALYSIS

I adopt Magistrate Judge Knepp's description of the procedural and factual background of this case and incorporate that portion of the report and recommendation. (Doc. No. 18 at 1-7).

Smith objects to the portions of the report and recommendation addressing (1) the application of the treating-physician rule to the medical opinions of her treating psychiatrist, Dr. Carlos G. Lowell; (2) the ALJ's evaluation of the medical opinions of non-treating physicians; and (3) the ALJ's consideration of obesity. (Doc. No. 19).

#### A. TREATING-PHYSICIAN RULE

In considering an application for supplemental security income, the Social Security Administration ("SSA") must evaluate every medical opinion it receives. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c). The SSA places medical sources into three categories: (1) nonexamining sources; (2) nontreating, but examining, sources; and (3) treating sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Treating sources are given the greatest amount of deference and generally are to be accorded controlling weight if they are "well-supported by medically acceptable

clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence in [the] case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). In deciding the amount of weight to give to a medical opinion, the SSA considers (1) the examining relationship; (2) the treatment relationship; (3) the supportability of the opinion in light of "all of the pertinent evidence"; (4) the consistency of the opinion with the record as a whole; (5) the medical source's specialization, if any; and (6) other factors the claimant or others bring to the SSA's attention which tend to support or contradict the source's opinion. 20 C.F.R. § 404.1527(c)(1)-(6); 20 C.F.R. § 416.927(c)(1)-(6).

The SSA "will always give good reasons" for the weight given to a treating source's opinion. *See* 20 C.F.R. § 404.1527(c)(2); *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (The treating-source-opinion regulations "require only that the ALJ's decision include 'good reasons'" for the weight given to the treating source opinion, "not an exhaustive factor-by-factor analysis.") (quoting 20 C.F.R. § 404.1527(d)(2)[1]). The treating-physician rule is designed to provide claimants with an understanding of the SSA's disposition of their applications and to permit "meaningful appellate review of the ALJ's application of the rule." *Rogers*, 486 F.3d at 242-43 (quoting *Wilson*, 378 F.3d at 544). To provide good reasons for discounting a treating physician's opinion, the ALJ must identify the reasons for discounting the opinion and explain how those reasons affected the weight the ALJ assigned to the opinion. *Rogers*, 486 F.3d at 243.

The ALJ gave good reasons for assigning "little weight" to Dr. Lowell's assessment. (Doc. No. 12 at 29). Dr. Lowell opined Smith's "symptoms were severe enough to interfere with her attention and concentration between 15 to 33 per cent of the workday and estimated that she would be [absent] from a full-time job about 2-3 days a month." (Doc. No. 12 at 29, 724). The ALJ stated Dr. Lowell's conclusions about Smith's concentration and attendance issues were not supported by his treating notes, which showed "consistent reports that her mood was stable or that she was doing

---

[1] In 2012, the formatting of the regulations was amended; this citation refers to what now is 20 C.F.R. § 414.1527(c)(2).

3

well . . . [and] that she presented with clear, intact thought process, exhibited no evidence of delusional thought or paranoia, and was observed to be polite, cooperative, and pleasant . . . ." (Doc. No. 12 at 29). The ALJ reviewed treatment notes from more than 15 visits to Dr. Lowell's office, between July 2010 and September 2012, and noted Smith's reports frequently were positive. (Doc. No. 12 at 26; Doc. No. 12 at 664-707). These notes reflect only one instance in which Smith reported difficulty with concentration. (Doc. No. 12 at 705). While Smith reported auditory and visual hallucinations at numerous visits – symptoms that reasonably may be expected to limit Smith's ability to maintain concentration – she also reported that therapy and adjustments in her medications decreased the frequency of these hallucinations. (*See, e.g.,* Doc. No. 12 at 674, 680, 698, 704).

Thus, Smith's assertion the ALJ did not consider "any of the factors described in the regulations" is not persuasive. (Doc. No. 19 at 4). The ALJ's decision reflects consideration of the length of the treating relationship and the frequency of examination, the nature and extent of the treating relationship, and the supportability of Dr. Lowell's opinion in light of his treatment notes. Additionally, Smith does not identify any contemporaneous medical evidence that is consistent with Dr. Lowell's opinion. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997) ("Walters himself is unable to direct this court to any portion of [the treating physician's] records [that] support[s] the claim that his impairments are disabling.").

An ALJ does not need to explicitly refer to any or all of the § 404.1527(c) factors; an ALJ's explanation for giving less-than-controlling-weight to a treating-source opinion satisfies the "good reasons" requirement when the explanation "reaches [at least] several of the factors that an ALJ must consider." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009); *see also Francis*, 414 F. App'x at 804-05 (The SSA regulations do not require "an exhaustive factor-by-factor analysis."). While Smith correctly notes *Hensley v Astrue*, 573 F.3d 263 (6th Cir. 2009), and *Blakely v. Commissioner*

4

*of Social Security*, 581 F.3d 399 (6th Cir. 2009), state that ALJs must "apply" the § 404.1527(c) factors, "apply" is not synonymous with "list."

Moreover, to the extent Smith argues *Blakely* and *Hensley* impose a different, more stringent standard than *Allen*, her contention is unconvincing. A published Sixth Circuit decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). The holding that the SSA regulations' "good reasons" requirement does not mandate explicit reference to the § 404.1527(c) factors was essential to the Sixth Circuit's decision in *Allen*, and therefore is binding. *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003).

### B. NON-TREATING OPINIONS

Smith also objects to the portion of the Magistrate Judge's report and recommendation addressing the ALJ's analysis of medical opinions from non-treating sources. Smith asserts the ALJ did not apply "greater scrutiny to these opinions than to that of the treating physician as is required under [the SSA's] own rules and regulations." (Doc. No. 19 at 5). Smith fails to explain, however, how a more rigorous analysis of the non-treating-source opinions might affect the amount of weight the ALJ assigned to those opinions. Unlike the plaintiff in *Gayheart v. Commissioner of Social Security*, 710 F.3d 365 (6th Cir. 2013), Smith fails to identify any portion of the consultative doctors' opinions that the ALJ failed to address. *Id.* at 379-80. The ALJ's decision shows the ALJ applied a sufficient level of scrutiny to the non-treating-source opinions.

Moreover, the ALJ's decision reflects a sufficient analysis of the consultative doctors' opinions. The ALJ gave great weight to only part of Dr. Evans' opinion, while rejecting another part because it was not consistent with Dr. Evans' own observations after examining Smith. (Doc. No. 12 at 29-30). The ALJ also noted the non-examining doctors' opinions do not generally

5

"deserve as much weight as those of examining or treating physicians," and only gave "some weight" to those opinions because "there exist a number of other reasons to reach similar conclusions." (Doc. No. 12 at 30). Smith fails to show the ALJ did not comply with the SSA's regulations in evaluating the consultative doctors' opinions.

### C. OBESITY

Smith objects to the Magistrate Judge's recommendation concerning the ALJ's conclusions regarding her obesity because, she argues, the ALJ failed to consider all of Smith's claims about the limitations her obesity imposes. (Doc. No. 19 at 7-9). I agree, and sustain Smith's objection.

Obesity may cause limitations in "exertional functions such as . . . lifting, carrying, pushing, and pulling." SSR 02-1P (S.S.A.), 2002 WL 34686281, at *6. During her hearing before the ALJ, Smith testified she had difficulty holding her arms out to do repetitive tasks and in lifting heavier objects. (Doc. No. 12 at 88). Smith stated that, while she can do some cooking and cleaning, the strength in her arms gives out after approximately ten minutes. (Id.). In response to a question from Smith's attorney, the vocational expert testified if Smith was limited to occasional reaching, rather than frequent, Smith would be unable to perform any of the three jobs the vocational expert identified. (Doc. No. 12 at 95). In determining Smith's activities of daily living, the ALJ relied almost exclusively on reports which were submitted over three years before Smith's hearing. (*See* Doc. No. 12 at 27). The ALJ incorporated other obesity-related limitations to which Smith testified, but made no mention of Smith's alleged reaching and lifting limitations. (Doc. No. 12 at 28). Moreover, Smith's hearing was held after the SSA's Appeals Council remanded the case with specific instructions to consider the effect of Smith's obesity on her ability to perform routine and necessary physical activity. (Doc. No. 12 at 17).

While the Commissioner argues "[t]he ALJ was not required to discuss every one of [Smith's] claims and was entitled to assess [Smith's] credibility as she saw fit," the ALJ did not make a specific credibility finding regarding Smith's alleged reaching and lifting limitations. *See Hurst v.*

6

*Sec'y of Health and Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) (No deference is due to an ALJ's decision when the ALJ has not made "an explicit and reasoned rejection of an entire line of evidence.") (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)). While it seems plain the ALJ believed Smith was exaggerating at least some of her limitations, the ALJ did not explain which limitations or her general statements questioning Smith's credibility. (*See, e.g.,* Doc. No. 12 at 20 ("'[T]his work activity calls into question [Smith's] credibility as to her activities of daily living and the allegedly limiting nature of her impairments . . . ."); Doc. No. 12 at 28 ("The fact that [Smith] has provided inaccurate information on a matter so integral to determining disability [i.e., Smith's recent work history] suggests that much of what [Smith] has alleged may be similarly unreliable.")).

"[T]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (quoting *Beavers v. Sec'y of Health, Educ. and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). The ALJ's consideration of the evidence concerning Smith's obesity failed to follow this admonition and I conclude the Commissioner fails to establish substantial evidence to support the denial of benefits.

## IV. CONCLUSION

For the reasons stated above, I sustain Smith's objections in part and overrule them in part, reject the Magistrate Judge's report and recommendation, and remand the Commissioner's decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
